11/21/2017 6:49 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20870266
By: Walter Eldridge
Filed: 11/21/2017 6:49 PM

2017-78530 / Court: 152

CAUSE NO. _____

| | | |
|---|---|---|
| MICHAEL FABACHER and CHRISTIAN TEAGUE | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § § § | HARRIS COUNTY, TEXAS |
| ROBERT FRANCIS HALVEY P&G GROUP, INC. | § § § | |
| *Defendants* | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

Plaintiffs Michael Fabacher and Christian Teague ("Plaintiffs") complain of Defendant Robert Francis Halvey ("Defendant Halvey") and P&G Group, Inc. ("Defendant P&G") and would respectfully show the Court that:

### I.
### Discovery Control Plan

1.    Plaintiffs intend to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### II.
### Jurisdiction and Venue

2.    The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because one or more of the Defendants reside in Harris County.

### III.
### Statement Regarding Monetary Relief Sought

3.    Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs seek monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment

interest, and judgment for all other relief to which Plaintiffs are justly entitled. Plaintiffs expressly reserve the right to amend this Rule 47 statement of relief if necessary.

## IV.
## Parties

4.    Plaintiff Michael Fabacher is an individual who resides in Harris County, Texas.

5.    Plaintiff Christian Teague is an individual who resides in Harris County, Texas.

6.    Defendant Robert Francis Halvey is a Florida resident who may be served at his residence at 340 Wood Chuck Avenue, Tarpon Springs, Florida 34689, or wherever he may be found.

7.    Defendant P&G Group, Inc. is an Indianapolis corporation doing business in Texas which may be served through its registered agent Jasdeep S. Pawra at 3519 S. Harding St, Indianapolis, IN 46217.

## V.
## Facts

8.    This lawsuit arises from an automobile-18 wheeler collision that occurred on June 13, 2017. At the time of the collision, Defendant Halvey was driving a Tractor Trailer (VIN 1XKAD49X1EJ389074), owned by Defendant P&G, southbound on U.S. 59 in Fort Bend County, Texas. Eric Rodriguez was driving in the same lane in front of Defendant Halvey when Defendant Halvey failed to control his speed and violently struck the back of Eric Rodriguez's vehicle. Plaintiff Fabacher and Plaintiff Teague were passengers in the 2004 Hyundai Tiburon Plaintiff Rodriguez was driving.

9.    As a result of the collision with the tractor-trailer, Plaintiffs sustained severe life-altering bodily injuries.

## VI.
### *Respondeat Superior* Liability

10.    At the time of the collision, Defendant Halvey the employee/driver of Defendant P&G was acting within the course and scope of his employment in the furtherance of his respective employer's business. Therefore, pursuant to the doctrine of *respondeat superior*, Defendant P&G is responsible for its respective employee's/driver's negligence.

## VII.
### Negligence of Defendants

11.    Defendant Halvey committed acts of omission and commission, which constituted negligence and negligence per se. Such negligence and negligence per se was a proximate cause of the occurrence in question, the severe injuries, and the resulting damages of Plaintiffs for which Defendant Halvey is legally responsible.

12.    Defendant P&G committed acts of omission and commission, which constituted negligence and negligence per se. Such negligence and negligence per se was a proximate cause of the occurrence in question, the severe injuries the Plaintiffs sustained, and the resulting damages for which P&G is legally responsible.

13.    Plaintiffs allege that Defendant Halvey the driver of Defendant P&G's tractor trailer was negligent in or more of the following manners:

    a.    Failing to keep a proper lookout for warnings, other vehicles, or obstruction as a person of ordinary care would have kept;

    b.    Failing to maintain a proper speed;

    c.    Failing to drive in a single lane;

    d.    Driving at a greater rate of speed than a person using ordinary care would have driven under the circumstances;

    e.    Failing to timely apply brakes;

3

f.   Failing to turn to the right or the left to avoid causing the subject collision; and

g.   Failing to follow the traffic laws of the State of Texas.

14.   Plaintiffs further allege that Defendant P&G was negligent in one or more of the following manners:

a.   Failure to explain and demonstrate its safety policies and procedures to Defendant Halvey;

b.   Failure to provide the necessary training to Defendant Halvey regarding driving the tractor trailer, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicle in various situations;

c.   Failure to properly train its drivers;

d.   Failure to properly train its employees, including Defendant Halvey, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances;

e.   Failure to provide and/or require regular follow-up driver education and training;

f.   Failure to establish an adequate safety program;

g.   Failing to adequately supervise its drivers;

h.   Failure to properly qualify its drivers;

i.   Failure to establish adequate policies and/or adequately enforce policies for its drivers, including a policy for traveling at a safe speed, in a safe manner, and with vigilance;

j.   Negligently entrusting the vehicle to its employee/driver;

k.   Negligently hiring, supervising, and retaining its employee/driver who was an unqualified, an incompetent, and a careless driver;

l.   Failure to monitor Defendant Halvey to make sure that he was complying with policies and procedures;

m.   Failure to interview and test Defendant Halvey to make sure he had read, was familiar with, understood, and followed the company policies and procedures;

n.   Failure to document and make a determination regarding fault in the collision made the basis of this suit;

o.   Failure to supervise Defendant Halvey to ensure that he was keeping the Freightliner tractor-trailer properly maintained;

l.   Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

## VIII.
## Negligent Entrustment

15.   Defendant P&G, its agents, successors, and assigns, were guilty of negligent and/or gross negligent entrustment, in that it knew, or should have known, that Defendant Halvey its employee/driver, was a reckless driver given his driving history and other factors. This negligent entrustment was a proximate cause of the collision in question and the personal injuries and other damages sustained by Plaintiffs. To the extent Defendant P&G failed to ask, investigate, and/or apprise itself of Defendant Halvey's driving history, such acts and/or omissions constitute negligence that were a proximate cause of the collision, injuries, and damages as set forth in this petition.

## IX
## Gross Negligence of Defendants

16.   Plaintiffs show that the conduct, acts, and omissions of Defendant P&G, their agents, successors, and assigns, acting individually and jointly, constitute gross negligence as that term is defined in law. As a result, Plaintiffs are entitled to an award of exemplary damages against Defendant Halvey and Defendant P&G. The conduct of Defendant P&G and Defendant Halvey, their agents, employees, successors, and assigns (when viewed objectively from each Defendant's standpoint at the time of the conduct) involved an extreme degree of risk,

considering the probability and magnitude of the potential harm to others, and Defendants and their agents, employees, successors and assigns were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs therefore, seek exemplary damages against Defendant P&G and Defendant Halvey.

## X.
## Damages

17.     By virtue of the actions and conduct of the Defendants set forth above, Plaintiffs were seriously injured and are entitled to recover the following damages:

       a.   Past and future medical expenses;

       b.   Past and future pain, suffering and mental anguish;

       c.   Past and future physical impairment;

       d.   Past and future physical disfigurement;

       e.   Past lost wages and future loss of earning capacity; and

       f.   All other damages allowed by law and equity.

18.     For the above reasons, Plaintiffs are entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court as well as pre and post-judgment interest.

## XI.
## Jury Demand

19.     Plaintiffs hereby demand a trial by jury and pay the appropriate jury fee.

## XII.
### Request for Disclosure to Defendant

20.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(1).

## XIII.
### Other Discovery

21.     Plaintiffs refer Defendants to the attached Request for Admissions, Interrogatories, and Request for Production and notify Defendants that a response is required within 50 days of service of these requests.

## XIV.
### Rule 193.7 Notice

22.     Plaintiffs hereby give actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## XV.
### Prayer

23.     For the above reasons, Plaintiffs pray that they obtain judgment against Defendants with interest on the judgment at the legal rate, pre-judgment interest, costs of court, and for such other relief, both in law and equity, to which Plaintiffs are justly entitled.

Respectfully submitted,

**THE HUYNH LAW FIRM, PLLC**

*/s/ Sarah Y-Nhi Huynh*

SARAH Y-NHI HUYNH
SBN: 24092558
shuynh@thehuynhlawfirm.com
PAVEL "PAUL" SAVINOV
SBN: 24086698
psavinov@thehuynhlawfirm.com
NANCY TA
SBN: 24099985
nta@thehuynhlawfirm.com
10333 Harwin Dr., Ste. 600
Houston, TX 77036
Tel.: (281) 702-8128
Fax: (832) 365-6087

**ATTORNEYS FOR PLAINTIFFS**

8

CAUSE NO. _____

| | | |
|---|---|---|
| MICHAEL FABACHER and<br>CHRISTIAN TEAGUE | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | §<br>§ | |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| ROBERT FRANCIS HALVEY<br>P&G GROUP, INC. | §<br>§<br>§ | |
| *Defendants* | §<br>§ | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, REQUESTS FOR ADMISSIONS, AND REQUEST FOR DISCLOSURES TO DEFENDANTS

**TO:** **Defendant Robert Francis Halvey a Florida resident that may be served by personal delivery** to 340 Wood Chuck Avenue, Tarpon Springs, Florida 34689.

**TO:** **Defendant P&G Group Inc. an Indianopolis company that may be served through its registered agent Jasdeep S. Pawra at 3519 S. Harding St., Indianapolis, IN 46217.**

Plaintiffs Michael Fabacher, and Christian Teague request that Defendants answer the following discovery. This request is made pursuant to the Texas Rules of Civil Procedure. You must reply within fifty (50) days after your receipt of this request at the office of the undersigned attorneys. Defendants must produce all documents which are in the possession, custody, or control of Defendants. Such documents are to be produced as they are kept in the usual course of business, or Defendant shall organize and label such documents to correspond with the category of the Requests. The documents and things requested are attached hereto.

Please note that, in accordance with Rule 193.5 of the Texas Rules of Civil Procedure, you have a duty to supplement your response if you obtain information upon the basis of which you know that the response was incorrect or incomplete when made or you know that the response, though correct and complete when made, is no longer true and complete and the circumstances are such that failure to amend the answer is in substance misleading.

Furthermore, please take NOTICE that Plaintiffs intend to use all documents produced by Defendants in trial of this cause and therefore requests that Defendants assert any objection to the authenticity of any document Defendants produce within ten (10) days of its production.

## I.
## INSTRUCTIONS AND DEFINITIONS

1.  When answering these requests, respondent is requested to refer to the attached instructions and definitions.

2.  All information responsive to these requests which is within your knowledge, possession or control or within the knowledge, possession or control of your attorneys, agents or other representatives, as well as information you can obtain upon reasonable inquiry is to be divulged.  If there is a request for all information on a given subject and you do not know all information, provide such information to the extent of your knowledge.

3.  All responses must be made separately and fully.  An incomplete or evasive response will be considered a failure to answer.  Where necessary to give a broader scope to any of these requests, "and" includes "or" and vice versa, the past tense includes the present and vice versa, the singular includes the plural and vice versa, "any" includes "all" and vice versa, and "each" includes "every" and vice versa. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice-versa; the use of the masculine form of a pronoun shall also be considered to include within its meaning the feminine form of the pronoun so used, and vice-versa; and the use of any tense of any verb shall also be considered to include within its meaning all other tenses of the verb so used.

4.  Each request should be construed independently and not by reference to any other request herein for purposes of limitation, unless one request specifically refers to another request.

5.  The TEXAS RULES OF CIVIL PROCEDURE require you to supplement and amend your responses if you obtain information and as a consequence:  (1) you know that a response to these requests was incorrect or incomplete when made, or (2) you know that a response, though correct and complete when made, is no longer true and complete.

6.  If you do not answer a request based on any claim of privilege, provide a statement for each such request setting forth the following information:

    (i)     A short statement identifying each privilege involving the basis therefore;

    (ii)    The facts upon which you relied to support the claim of privilege;

2

    (iii)    A description of all documents for which such privilege is claimed, including:

        a.    the type of document;
        b.    a brief statement of the document's general topic matter;
        c.    the date of the document;
        d.    author(s) and their title(s) and position(s); and
        e.    the identity of all persons to whom any contents of the documents have been disclosed.

    (iv)    A description of all conversations for which such privilege is claimed, including:

        a.    the date of the conversation;
        b.    a brief statement describing the general topic of the conversation;
        c.    the persons participating in the conversation; and
        d.    the identity of all persons to whom any portions of the contents of the conversation have been disclosed.

7.    As required by the TEXAS RULES OF CIVIL PROCEDURE, your failure to respond to these requests within the time required, or failure to supplement your responses may result in entry of a judgment against you, the assessment of attorney's fees against you, or other sanctions of the Court.

8.    "Document" and "documents" is to be defined as synonymous in meaning and equal in scope to the usage of this term in the TEXAS RULES OF CIVIL PROCEDURE and shall be used in their broadest sense and shall mean and include all written, printed, typed, electronic, recorded or graphic material of every kind and description, both originals and copies and all attachments and appendices thereto.  Without limiting the foregoing, the term "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, facsimiles, telexes, minutes, messages, memoranda, interoffice communication, e-mail, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bill or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data

3

processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made.   The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced.   A DRAFT OR NON-IDENTICAL COPY IS A SEPARATE DOCUMENT WITHIN THE MEANING OF THIS TERM.

Electronic Data Directive:  Pursuant to the TEXAS RULES OF CIVIL PROCEDURE, all electronic data responsive to the requests below shall be provided via CD, DVD, or Floppy Disk in user readable format (.txt or similar file types), or as otherwise agreed in a supplemental writing by the parties.

9.      "Document" and "documents" shall mean and include all matter within the foregoing description that are in your possession, control or custody or in the possession, control or custody of any attorney for you or the existence of which you are aware and that you have access to or to which you can secure access.  Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

10.    "Communication" shall mean and include any transmission or exchange of information in the form of facts, ideas, inquiries, or otherwise, and shall include an exchange between two or more persons, whether orally or in writing, including without limitation any conversation or discussion face-to-face or by means of letter, note, memorandum, telephone, telegraph, telex, telecopier, cable, e-mail or some other electronic or other medium, and whether by chance or prearranged, formal or informal.

11.    "Referring" or "relating to" shall mean to concern, describe, explain, reference, contain or comment upon the subject matter referred to in the request and, in that regard, each request shall be interpreted broadly so as to promote the full disclosure of information.

12.    "Person" shall mean all natural persons and entities, including, without limitation, individuals, committees, agencies, commissions, firms, corporations, associations, partnerships, businesses, public agencies, departments, bureaus, boards, or any other form of public, private or legal entity, and all predecessors or successors in interest.

13.    "Identify" or "identification" shall mean:

(a)      With respect to a **natural person**, to include, without limitation, full name, title, job description, present business and home addresses (last known if present addresses are unknown).  If there have been changes in title or job description during the time period covered by these interrogatories, all titles and job descriptions should be given, together with the period during which each one was held;

4

(b)     With respect to a **communication**, to include, without limitation, the date, time and approximate duration of the communication, a statement describing the substance of the communication with particularity, the persons participating in the conversation, the persons directing the communication to take place, if any, and the identity of all persons to whom any portions of the contents of the communication have been disclosed.

(c)     With respect to a **business entity**, to include, without limitation, its name, date and place of formation, and all its business addresses; and

(d)     With respect to a **document**, to include, without limitation, title, type, date, the identity of each person either wholly or in part participating in the preparation or dissemination of, or who is referred to in, the document, addressee, recipients, any identifying numbers or marks upon the face of the document, subject matter and general nature, and the identity and location of each person who has possession, custody or control of the document or, if a document has been destroyed or is unavailable, the identity of each person who destroy the document or who last possessed or controlled the document.

(e)     When used with reference to an **act**, means, without limitation, to state with particularity and certainty each and every item of behavior, communication and/or tangible thing which constitutes the act, including the place, time and date of each such item; to identify each and every person participating in the act and to specify the items of behavior performed, information communicated, and/or tangible things provided, by each such person; and to identify each and every document and communication which constitutes or describes the behavior, communication, tangible thing, or any part thereof.

(f)     When used in reference to an **omission to act**, means, without limitation, to state with particularity and certainty each and every item of behavior, communication, and/or tangible thing which you contend should have been performed, communicated, and/or provided, and the place, time, and date each such performance or communication should have occurred, to identify each and every natural person who, by reason of knowledge or particular circumstances, you contend should have performed, communicated, and/or provided each item of omitted behavior, communication and/or tangible thing; and to identify each and every document or communication which you believe tends to establish that the omitted behavior, communication and/or tangible thing should have been performed, provided, or communicated.

(g)     When used in reference to a **lawsuit**, means, without limitation, to state for each criminal and/or civil action:  the case, including the cause number, court, and parties; your status as either plaintiff, Defendants, intervenor, impleader, interpleader, or third-party plaintiff or Defendants; the substance of the claim[s] and defense[s] asserted; and the ultimate disposition or resolution of the claim[s] and defense[s].

14.   "Petition" means Plaintiff's Original Petition in this case or any supplemental or amended Petitions subsequently filed in this lawsuit.

15.   "You," "Your," Defendant" or "Defendants" means Robert Francis Halvey and P&G Group, Inc. and each of your agents, representatives, employees, assigns, officers, directors, staff, affiliates, owned or controlled entities or agencies, and all other persons acting in concert with you or under your control, whether directly or indirectly, including any attorney.  Where the answers called for are different for any of the foregoing, state which portion of which answer applies to each.

16.   "Accident" or "subject accident" shall refer to the crash on or about June 13, 2017 in Fort Bend County, Texas which forms the basis of this lawsuit.

17.   "Plaintiff" or "Plaintiffs" shall mean Michael Fabacher, and Christian Teague.

18.   "Trip" shall refer to the transportation and/or movement of a vehicle and/or one load or cargo, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel, empty or unloaded, from that destination point to the next point or location of loading, end of trip or new trip origin.

19.   "Vehicle" or "Your Vehicle" shall refer to, unless otherwise defined in a specific Request herein, the 18-wheeler truck being operated by Defendant Robert Francis Halvey at the time the accident occurred.

6

## II.
## <u>INTERROGATORIES TO DEFENDANT P&G GROUP, INC.</u>

1.   If you have not been correctly named or served in or by the Plaintiffs' Original Petition, state your correct legal name and the correct manner in which you can be designated as a party Defendants and served with process in this action under the allegations set forth in Plaintiffs' Original Petition.

ANSWER:

2.   In reference to the trip underway at the time or just prior to the underlying accident, please identify:

a.   where and when the trip originated;

b.   whether there were any cellular telephones, CB radios, two-way radios, or other communication devices present in the vehicle driven by you;

c.   the telephone number and service provider of any cellular telephones present in the vehicle driven by you at the time of the accident;

d.   the final destination for the trip; and

e.   any contracts signed or entered into pertaining to the trip.

ANSWER:

3.   Were any drug or alcohol tests (blood, urine, hair, or other) performed on Defendant Halvey at any time during the 32 hours immediately following the subject collision? If so, state the results of all such tests and the name, address, and phone number of the persons, firms, or entities who administered said test and all such persons, firms, or entities who are in possession of a copy of the results of said tests and appropriate chain of custody forms.

ANSWER:

4.   If you contend that Plaintiff was contributorily negligent, provide all facts which support your contention.

ANSWER:

5.   Provide the name, telephone number, address, and a summary of the anticipated testimony for each witness you intend to call at trial.

ANSWER:

6.   If you contend that the mechanical condition of the vehicle Defendant Halvey was driving caused or contributed to the accident, provide all facts which support your contention and state when these conditions were first discovered.

     ANSWER:

7.   Please identify all employees (drivers and non-drivers) of P&G Group, Inc. for the five years previous to the incident made the basis of this suit through present. In your response, with regard to drivers, please be sure to list all drivers regardless of whether the driver was paid by the mile, paid a salary, or paid by 1099 as an independent contractor. Please, include in your response at least the following information:

     a.   each employee's name, last known address, and phone number;
     b.   each employee's title and job description; and,
     c.   whether the person is a current or former employee. For all former employees, please specify the last date of employment and reason for termination of employment

     For the purpose of this request, please include all drivers regardless of whether the driver was paid by the mile, paid a salary, or paid by 1099 as an independent contractor.

     ANSWER:

8

## III.
## INTERROGATORIES TO DEFENDANT ROBERT FRANCIS HALVEY

1.  If you have not been correctly named or served in Plaintiffs' Original Petition, state your correct legal name and the correct manner in which you can be designated as a party Defendant and served with process in this action under the allegations set forth in Plaintiffs' Original Petition.

    ANSWER:

2.  Did you have permission or authorization to operate said vehicle at the time and place of the underlying accident?

    ANSWER:

3.  If you were disciplined, e.g., fired, suspended or reprimanded, because of the incident, state what action was taken, and when.

    ANSWER:

4.  In reference to the trip underway at the time or just prior to the underlying accident, please identify:

    a.   where the trip originated;

    f.   whether there were any cellular telephones, CB radios, two-way radios, or other communication devices present in the vehicle driven by you;

    g.   the telephone number and service provider of any cellular telephones present in the vehicle driven by you at the time of the accident;

    d.   the final destination for the trip; and

    a.   any contracts signed or entered into pertaining to the trip.

    ANSWER:

5.  Were any drug or alcohol tests (blood, urine, hair, or other) performed on you, at any time during the 32 hours immediately following the subject collision? If so, state the results of all such tests and the name, address, and phone number of the persons, firms, or entities who administered said test and all such persons, firms, or entities who are in possession of a copy of the results of said tests and appropriate chain of custody forms.

    ANSWER:

6.  When was the last time you consumed any alcohol, prescription medication, or over the counter medication prior to this accident?  For any such consumption, please state:

9

    a.      whether it was alcohol, prescription medication, or over the counter medication;

    b.      how much was consumed; and

    c.      if it was prescription medication, what the medication is prescribed for;

ANSWER:

7.    Have you ever been prescribed contact lenses and/or glasses?  If so please state:

    a.      whether this information is listed on your driver's license;

    b.      whether you are required to wear contact lenses and/or glasses by the State of Texas;

    c.      what prescription of contact lenses and/or glasses you were prescribed;

    d.      were you wearing contact lenses and/or glasses at the time of the incident made the basis of this lawsuit; and

    e.      if you were wearing contact lenses and/or glasses at the time of the incident made the basis of this lawsuit, what was the prescription of those contact lenses and/or glasses.

ANSWER:

8.    State each time that you have either pled guilty to or convicted of a criminal offense.  For each offense, provide the date of the offense, the date of guilty plea or conviction, the charge you pled guilty to or were convicted of, the punishment imposed, and the city, county and state where the charges were filed.

ANSWER:

9.    State each time you have received a traffic citation during the past ten (10) years, preceding the accident in the underlying lawsuit.  For each citation, provide the city, county and state where the citation was received, the date of the citation, the offense you were cited for, the resolution of the citation (plea or adjudication), and the fine or sentence imposed.

ANSWER:

10.    Describe each automobile accident you have been involved in in the ten (10) years preceding the accident in the underlying lawsuit.  For each accident, provide the date of the accident, the city, county and state where the accident occurred, whether police prepared a report regarding the accident, whether you received a citation in connection

10

with the accident, whether anyone including you was injured in the accident, and the approximate amount of property damage that resulted from the accident.

ANSWER:

11.     State each time that your driver's license has been suspended or revoked and provide the reason for the suspension or revocation.

ANSWER:

12.     Have you ever been licensed to operate a motor vehicle in any state other than Texas?  If your answer is yes, provide the state, when the license was issued, the license number, whether the license was ever suspended or revoked, the reason for suspension or revocation of the license, and whether the license is still active.

ANSWER:

13.     Provide the telephone number service provider, and name of the person or entity billed for each cell phone you used for a period of three months before and three months after the date of the accident which forms the basis of this lawsuit.

ANSWER:

14.     Provide the name, telephone number, address, and a summary of the anticipated testimony for each witness you intend to call at trial.

ANSWER:

15.     If you contend that Plaintiff was contributorily negligent, provide all facts, which support your contention.

ANSWER:

16.     If you contend that the mechanical condition of the vehicle you were driving caused or contributed to the accident, provide all facts which support your contention and state when these conditions were first discovered.

ANSWER:

IV.
**REQUESTS FOR PRODUCTION**

1.  Produce all driver's files to include but not limited to those maintained pursuant to the application, qualification, background and character, training, testing, annual reviews of driver record, property damage reports, injury accident reports, reportable traffic accident reports, controlled substance/alcohol testing (49 CFR § 382) and periodic review of ***ROBERT FRANCIS HALVEY*** which are routinely maintained by your company and required as a course of industry standard as well as compliance with the Controlled Substance and Alcohol Use and Testing standards (49 CFR § 383) and Federal Motor Carrier Safety Regulations (49 CFR § 391).

    RESPONSE:

2.  Produce all records pertaining to the routine course of business, dispatching, trip monitoring, dispatch progress reports, communications with the driver of the subject vehicle, pay records and bills of lading of ***ROBERT FRANCIS HALVEY*** for the subject accident date and all such documents for a period of six (6) months preceding the subject accident.

    RESPONSE:

3.  Produce all records pertaining to the routine course of business, dispatch logs, driver call-in logs, telephone records of driver/dispatch communication of ***ROBERT FRANCIS HALVEY*** for a period of six (6) months preceding the subject accident (49 CFR § 395.8(k)).

    RESPONSE:

4.  Produce all fuel receipts, toll receipts, hotel/motel receipts, meal receipts of ***ROBERT FRANCIS HALVEY*** for a period of at least six (6) months preceding the subject accident (49 CFR § 395.8(k)). However, all such records that exist should be maintained. These include but are not limited to IFTA (International Fuel Tax Agreement) detailed mileage and fuel records of the ***P&G GROUP, INC. TRACTOR-TRAILER***, the subject vehicle which ***ROBERT FRANCIS HALVEY*** was driving at the time of the accident, which must be maintained in the routine course of business

    RESPONSE:

5.  Produce all driver's daily logs maintained pursuant to 49 CFR Part 395.8 of the Federal Motor Carrier Safety Regulations and "supporting documents" see (49 CFR § 395.8(k)(1) of ***ROBERT FRANCIS HALVEY.***

    RESPONSE:

6.     Produce the daily inspection reports of **ROBERT FRANCIS HALVEY** for the period of two weeks prior to the accident as required to be maintained pursuant to CFR § 396.11 and § 396.13.

       RESPONSE:

7.     Produce all mechanical or electronic records by any on-board recording, satellite or other communication device of the **P&G GROUP, INC. TRACTOR-TRAILER** to include but not be limited to tacographs, Tripmaster, Highway Master, ARGO Fleet Management System, Cadec, Detroit Diesel IRIS Infrared Information System, Triplogger, QualCom Trip Reports, OmniTrac, QTRACS, OmniOne, TruckMAIL, OmniExpress, TrailerTRACS, SensorTRACS, DataTrax/GPS, AMSC (American Mobile Satellite Corp.), any satellite locator records, any vehicle tracking records or any similar device.

       RESPONSE:

8.     Produce any and all maintenance records of the **P&G GROUP, INC. TRACTOR-TRAILER** involved in the accident.

       RESPONSE:

9.     Produce any and all vehicle and trailer maintenance records related to the **P&G GROUP, INC. TRACTOR-TRAILER** maintained pursuant to 49 CFR § 396.1 thru 396.25 of the Federal Motor Carrier Safety Regulations. These include but are not limited to any and all records of daily, periodic and annual vehicle and trailer inspections as well as inspector and brake mechanic training and certification(s).

       RESPONSE:

10.    Produce any and all records produced or received pursuant to inspections by State or Federal officials to include "Compliance Reviews" (audits), "Drive/Vehicle Inspection Reports" and/or "Out of Service" reports produced under the Motor Carrier Safety Assistance Program (MCSAP) or any related inspection program with regard to **ROBERT FRANCIS HALVEY.**

       RESPONSE:

11.    Produce any and all records maintained on the **P&G GROUP, INC. TRACTOR-TRAILER** and components of both, involved in the accident.

       RESPONSE:

12.    Produce any notes, records, or statements produced to facilitate completion of the accident register pursuant to compliance with 49 CFR § 390.15 of the Federal Motor Carrier Safety Regulations.

       RESPONSE:

13

13.     Produce the accident register and reports filed pursuant to 49 CFR § 390.15 of the Federal Motor Carrier Safety Regulations.

        RESPONSE:

14.     Produce any records of the weighing the *P&G GROUP, INC. TRACTOR-TRAILER* subject to your control pursuant to a bill of lading or any weighing of vehicles and trailers subject to your control by State of Federal officials pursuant to weight control and enforcement.

        RESPONSE:

15.     Produce any and all records that adequately support financial and operational data required by the U.S. Department of Transportation pursuant to 49 CFR § 379, "Preservation of Records."

        RESPONSE:

16.     Produce all IFTA (International Fuel Tax Agreement) reports of the *P&G GROUP, INC. TRACTOR-TRAILER* for the annual quarter of the collision and the preceding quarter.

        RESPONSE:

17.     For the *P&G GROUP, INC. TRACTOR-TRAILER*, please print and/or preserve all mechanical or electronic records, Audit Trail(s), Trip Reports, Life to Date History Reports, Fault Codes, Hard Brake Incident(s), Last Stop Record or similar data collected by any on-board recording Electronic Control Module (ECM) or Motor Vehicle Event Data Recorded (MVEDR) commonly known as a "black box" of the subject vehicle to include but not be limited to devices such as Cummins Celect, Cummins Quik-Link, Cummins INFORM, Cummins INSPEC, Cummins RoadRelay, NEXIQ Pro-Link, Detroit Diesel Pro Driver, Detroit Diesel DDEC III & DDEC IV, Caterpillar (FIS) Fleet Information System, Caterpillar ADEM, Volvo Truck VCAD, Eaton VORAD or any similar device (if your vehicles or fleet are so equipped). In the event of data retrieval, record the ECM date and time as well as the actual date and time of any download or retrieval and printing of any data retrieval.

        RESPONSE:

18.     Produce Motor Carrier Identification Report filed pursuant to 49 CFR § 390.19 (Form MCS-150) as well as any filing of operating authority to the Surface Transportation Board.

        RESPONSE:

19.     Produce all applications, filings, and records of financial responsibility pursuant to 49 CFR § 387.

14

RESPONSE:

20.   Produce all records pertaining to maintenance and service histories the *P&G GROUP, INC. TRACTOR-TRAILER* involved in the accident, including the brakes and tires.

RESPONSE:

21.   Produce all company policies, procedures, and training materials.

RESPONSE:

22.   Produce all records, emails, data, photos, and videos pertaining to the accident.

RESPONSE:

23.   Produce all medical records as well as any blood, urine, or other biological samples related to *P&G GROUP, INC.* and the results of any tests thereon.

RESPONSE:

24.   Produce a copy of the driver's license of *ROBERT FRANCIS HALVEY*

RESPONSE:

25.   Produce a copy of any citations received by *ROBERT FRANCIS HALVEY* for the subject accident and any accidents for the five (5) years preceding the subject accident.

RESPONSE:

26.   Produce any and all photographs regarding the subject accident and any vehicle or trailer involved in the subject accident.

RESPONSE:

27.   Produce any and all investigative reports related to the subject accident, including the report of the Texas Department of Transportation and Fort Bend County Sheriff's Office.

RESPONSE:

28.   Produce a copy of any phone records, data usage or text records of *ROBERT FRANCIS HALVEY* for the two weeks prior to and two weeks following the accident.

RESPONSE:

29.   Produce any and all cell phone records of *ROBERT FRANCIS HALVEY* for the day of the accident.

15

RESPONSE:

30.    Produce the tractor-trailer operated by *ROBERT FRANCIS HALVEY* at the time of the
       incident in question.

       RESPONSE:

31.    Copy of DDEC reports for Defendant driver *ROBERT FRANCIS HALVEY* for a period
       of one year prior to the incident in question.

       RESPONSE:

32.    Copy of postings and webpages from any social networking site including but not limited
       to Facebook, MySpace, Instagram, etc. for Defendant driver *ROBERT FRANCIS
       HALVEY* from one month prior to the incident in question until six months after the
       incident in question.

       RESPONSE:

33.    Copy of XATA Systems reports for Defendant driver *ROBERT FRANCIS HALVEY* for
       a period of one year prior to the incident in question.

       RESPONSE:

34.    Copy of Qualcomm's SensorTRACS reports for Defendant driver *ROBERT FRANCIS
       HALVEY* for the period of one year prior to the incident in question.

       RESPONSE:

35.    Copies of the Defendant driver *ROBERT FRANCIS HALVEY* MVR records for the past
       three years gathered from the requisite state agency under 49 C.F.R. § 391.23(a)(1).

       RESPONSE:

36.    Copies of police reports for any other vehicular collisions or incidents in which the
       Defendant driver *ROBERT FRANCIS HALVEY* was involved.

       RESPONSE:

37.    Copies of pickup and delivery timesheets or invoices for the Defendant driver *ROBERT
       FRANCIS HALVEY* for the period of one year prior to the incident in question.

       RESPONSE:

38.    Copy of Defendants DOT performance reviews for the past five years.

RESPONSE:

39.     Copy of Defendant **ROBERT FRANCIS HALVEY** application for Motor Carrier Authority, including OP-1 form.

        RESPONSE:

40.     Copy of any roadside inspection reports for Defendant driver **ROBERT FRANCIS HALVEY** for the past three years.

        RESPONSE:

41.     Copy of Defendant driver **ROBERT FRANCIS HALVEY** cell phone bill for one month preceding the incident and for the date of the incident.  This should list calls received, dates, and times.

        RESPONSE:

42.     Produce copies of all trip and/or operational documents pertaining to the movement of cargo by Defendant driver **ROBERT FRANCIS HALVEY** for the trip during which the accident occurred.

        RESPONSE:

43.     Copy of the citation the Defendant driver **ROBERT FRANCIS HALVEY** received in connection with the incident in question.

        RESPONSE:

44.     Documents detailing what load Defendant driver **ROBERT FRANCIS HALVEY** was transporting immediately prior to the incident in question.

        RESPONSE:

45.     If Defendant company **P&G GROUP, INC**. is going to contend that Defendant driver **ROBERT FRANCIS HALVEY** was not in the course and scope of his employment at the time of the incident, provide documents to support such an assertion.

        RESPONSE:

46.     Produce copies of all written instructions, orders, or advice given to Defendant driver **ROBERT FRANCIS HALVEY** in reference to cargo transported, routes to travel, locations to purchase fuel, cargo pickup or delivery times issued by Defendant(s) or any other persons or organizations for the trip during which the accident occurred.

        RESPONSE:

47.    Produce copies of all dispatch and/or operational records indicating assignment of equipment and drivers to specific cargo pickup, transportation and delivery, dates and times of pickup and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form for the trip during which the accident occurred.  This specifically includes all dispatch and operational type computer generated documents and materials indicating the trips, cargo, movements or activities of Defendant driver *ROBERT FRANCIS HALVEY.*

RESPONSE:

48.    Produce copies of all checks or otherwise described negotiable instruments issued to Defendant driver *ROBERT FRANCIS HALVEY* or his co-driver(s) given in payment as trip advances, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator or trip lessors services in the possession of the Defendant(s) and concerning the trip during which the underlying accident occurred. Specifically, copies of both the "front and back" of each check and/or comchek issued to Defendant driver *ROBERT FRANCIS HALVEY* r any of his co-drivers is requested.

RESPONSE:

49.    Produce copies of any and all other "occupational or trip related documents" created or received by Defendant(s) or any other persons or organizations, regardless of form or description and not defined herein, in the possession of the Defendant(s) and relative to the operations, activities, movements, cargo and trips accomplished by Defendant driver *ROBERT FRANCIS HALVEY.*

RESPONSE:

50.    Produce copies of the Driver Qualification File (or files) maintained by Defendant *P&G GROUP, INC.* on Defendant driver *ROBERT FRANCIS HALVEY.*

RESPONSE:

51.    Produce copies of all pre-employment questionnaires and other documents secured from Defendant driver *ROBERT FRANCIS HALVEY* prior to employment with Defendant *P&G GROUP, INC.*

RESPONSE:

52.    Produce copies of all applications for employment secured both before and/or after the actual date of contract or employment of Defendant driver *ROBERT FRANCIS HALVEY.*

RESPONSE:

53.  Produce copies of all medical examinations, drug tests, and certification of medical examinations inclusive of expired and non-expired documents relative to Defendant driver *ROBERT FRANCIS HALVEY*.

RESPONSE:

54.  Produce copies of all actual driver's road tests administered to Defendant driver *ROBERT FRANCIS HALVEY*.

RESPONSE:

55.  Produce copies of all actual driver's written tests administered to Defendant driver *ROBERT FRANCIS HALVEY*.

RESPONSE:

56.  Produce all training notes, certificates and attendance lists relative to Defendant driver *ROBERT FRANCIS HALVEY*, regardless of the date issued or the originator of such certificates.

RESPONSE:

57.  Produce copies of all past employment inquiries sent to and/or secured from former employers along with all responses received from former employers inclusive of all U.S. mail, personal contact or telephone inquiries and results directed to or received by Defendant *P&G GROUP, INC.* from past employers of Defendant driver *ROBERT FRANCIS HALVEY*.

RESPONSE:

58.  Produce copies of all inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by Defendant *P&G GROUP, INC.* or other organizations on behalf of Defendant *P&G GROUP, INC.,* from state or federal governmental agencies relative to Defendant driver *ROBERT FRANCIS HALVEY* traffic and accident record.

RESPONSE:

59.  Produce copies of all road and/or written test cards, medical cards, certification of driver qualification cards and any other motor carrier transportation related cards in the possession of Defendant *P&G GROUP, INC.* regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by other motor carriers to Defendant driver *ROBERT FRANCIS HALVEY*.

RESPONSE:

60.   Produce copies of all annual reviews, file reviews, and/or file summaries and related documents found in the driver qualification file of Defendant driver **ROBERT FRANCIS HALVEY.**

RESPONSE:


61.   Produce copies of all documents relating to any drug and/or alcohol testing of Defendant driver **ROBERT FRANCIS HALVEY.**

RESPONSE:

62.   Produce copies of any and all other contents of Defendant driver **ROBERT FRANCIS HALVEY'S** Driver Qualification File, regardless of subject, form, purpose, originator, receiver, title, or description.

RESPONSE:

63.   Produce copies of the Driver Personnel File and/or any otherwise titled files on Defendant driver **ROBERT FRANCIS HALVEY** or in reference to Defendant driver **ROBERT FRANCIS HALVEY** services, from initial contract or employment with Defendant **P&G GROUP, INC.** to the present date.

RESPONSE:

64.   Produce copies of all hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents, however named, relating to Defendant driver **ROBERT FRANCIS HALVEY.**

RESPONSE:

65.   Produce copies of all prior industrial, vehicular, cargo, hazardous materials incidents, health or accident reports, or other types of injury, sickness, accidents, or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, incident or accident that relate to Defendant driver **ROBERT FRANCIS HALVEY.**

RESPONSE:

66.   Produce copies of all law enforcement agencies, audits and/or roadside equipment and/or driver inspections reports, traffic citations or traffic warnings, inclusive of the Defendant's file reviews or summaries of violations of company, state, or federal laws, rules or regulations committed by Defendant driver **ROBERT FRANCIS HALVEY** or any of his co-driver(s).

RESPONSE:

20

67.   Produce copies of any and all other documents found in such a file, as identified Request Number 56, regardless of description, title, form, origin, or subject, maintained by the Defendant *P&G GROUP, INC.* in reference to Defendant driver *ROBERT FRANCIS HALVEY.*

RESPONSE:

68.   Produce copies of driver compliance inspections or warnings and traffic citations issued in reference to the activities of Defendant driver *ROBERT FRANCIS HALVEY*, his co-driver(s), or driver trainers, by any city, county, state or federal agency or law enforcement official in the possession of the Defendant *P&G GROUP, INC.*

RESPONSE:

69.   Produce copies of all objects, photographs, drawings, reports, statements, or otherwise described documents or objects in the possession of Defendant(s) in reference to the accident as defined herein, "excluding only" those written documents, materials and objects that can be clearly identified as the work product of Defendant's attorneys. This specifically includes any and all reports and written or electronically recorded statements made by Defendant(s) to any other person, organization or governmental entity.

RESPONSE:

70.   Produce copies of any and all other accident and/or incident files and records maintained by Defendant(s) in reference to any other vehicular accident, or incident, prior to the occurrence of the accident in question, wherein Driver, or his co-driver(s), or driver trainer, was the driver of a vehicle involved in the prior accidents or incidents.

RESPONSE:

71.   Produce copies of all time cards, time worked records or otherwise described work time records created by *ROBERT FRANCIS HALVEY* for the period from one year prior to the date of accident to and including the date of accident.

RESPONSE:

72.   Produce copies of any and all of Defendant's notices, directives, bulletins, publications, and manuals of any type or otherwise described written instructions which pertain to the day-to-day commercial truck fleet operating and safety procedures to be followed by company personnel, managers, supervisors, dispatchers and drivers. Specifically, any document relative to disciplinary policies or procedures for late freight delivery or motor fleet safety in existence and which Defendant(s) had in effect within one year of the underlying accident.

RESPONSE:

73.     Produce copies of each and every insurance policy and/or agreements which may be required to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse Defendant(s) for payments made to satisfy such a judgment. This Request specifically refers to all coverage available to Defendant(s) and/or thought or believed to be available and in force when this accident occurred indicating Defendant(s) as a named insured or omnibus insured or any other type whether by application, binder, issuance of policy or extension of a grace period.

        RESPONSE:

74.     Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed and/or will utilize to aid testimony.

        RESPONSE:

75.     Produce copies of any document or other item an expert witness you may call to testify at trial of this case has reviewed or relied upon which relates to or in any way concerns the Plaintiffs' damages or injuries suffered by Plaintiffs.

        RESPONSE:

76.     Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed or relied upon in formulating his/her opinions that relates to or concerns this litigation in any way.

        RESPONSE:

77.     Produce copies of any statements given to Defendant(s) by Plaintiffs or statements given by and otherwise obtained by Defendant(s) from Plaintiffs.

        RESPONSE:

78.     Produce copies of any and all investigation and/or accident reports in Defendant's possession excluding documents which constitute communications between agents or representatives of Defendant(s) that were made subsequent to the occurrence upon which this suit is based and in connection with or anticipation of the defense of claims made a part of the pending litigation.

        RESPONSE:

79.     Produce a copy of the curriculum vitae of each expert witness you may call to testify upon the trial of this case.

        RESPONSE:

80.     Produce copies of any documents or other writings which show or identify this Defendant(s) as being either a public or private corporation.

RESPONSE:

81.    Produce all non-privileged documents, records and/or other writings that evidence an admission, in whole or in part, that the incident was caused by an act or omission or fault or negligence of any person or entity.

RESPONSE:

82.    Produce any photographs or videotapes of Plaintiffs.

RESPONSE:

83.    Produce copies of any documents reflecting settlement agreements, deals, and/or understandings between Defendant(s) and any other party concerning the lawsuit or the incident made the basis of this lawsuit.

RESPONSE:

84.    Produce copies of any and all documents and/or reports, as well as all other tangible things, physical models, compilations of data and other material prepared by any expert whom you may call to testify, including the discoverable factual observations, tests, supporting data, calculations, photographs and opinions of such expert with regard to this case.

RESPONSE:

85.    Produce copies of any and all documents and tangible items furnished to each expert you may call to testify at trial of this case.

RESPONSE:

86.    Produce copies of any and all documents evidencing the reasons why the company issuing any policy which would protect you against the risks sued hereon claims or intends to claim that it has some ground for denying you coverage provided under said policy.

RESPONSE:

87.    Produce copies of any and all charts, plans, photographs, or other documents intended to be introduced into evidence on the issues of liability or damages.

RESPONSE:

88.    Produce copies of any and all photographs, videotapes, movies, slides, etc., that in any way relate to the incident made the basis of this suit.

RESPONSE:

23

89.    Produce copies of any and all indemnity agreements between any of the parties to this case.

RESPONSE:

90.    Produce copies of any and all indemnity agreements between any party to this case and any non-party which is relevant to the incident or injuries made the basis of this suit.

RESPONSE:

91.    Produce copies of any and all reports which have been obtained from any expert you may call to testify at trial of this case.

RESPONSE:

92.    Produce copies of any and all work papers, notes, and other documents in the file of any expert witness who you may call to testify, or in the file of any expert witness whose opinions will be relied upon in whole or in part by an expert you may call to testify at the trial of this case.

RESPONSE:

93.    Produce a copy of the title to the vehicle **ROBERT FRANCIS HALVEY** was driving at the time of the accident.

RESPONSE:

94.    Produce copies of any and all photographs Defendant(s) has of the vehicles involved in this accident and any and all photographs of the scene.

RESPONSE:

95.    Produce copies of any and all contracts and agreements between this Defendant(s) and any other Defendant and/or third party pertaining to work being performed or furthered at the time of the accident.

RESPONSE:

96.    Produce copies of any and all training materials or other documents concerning driving safety Defendant(s) distributed to employees or agents from the time **ROBERT FRANCIS HALVEY** was hired through the present.

RESPONSE:

97.    Produce copies of all ownership and registration papers pertaining to the Truck.

RESPONSE:

24

98.    Produce a copy of both sides of **_ROBERT FRANCIS HALVEY's_** current driver's license(s).

RESPONSE:

99.    Produce copies of any and all federal, county, city, police, state or other governmental investigations concerning or regarding this accident.

RESPONSE:

100.    Produce a true and correct listing of all motor vehicles owned by this Defendant(s) from and including the time of the accident made the basis of this suit to the present.  Please include make and model of said vehicle, color of each, number of doors on each vehicle and license plate number of each vehicle.

RESPONSE:

101.    Produce copies of any and all tickets or citations received by **_P&G GROUP, INC_**. or **_ROBERT FRANCIS HALVEY_** as a result of this incident.

RESPONSE:

102.    Produce copies of any and all records obtained by Defendant(s) pertaining to Plaintiffs.

RESPONSE:

103.    Produce the vehicle and all trailers and cargo carried by your vehicle at the time of the underlying accident for inspection.

RESPONSE:

104.    Produce all documents and communications generated as the result of a review, and/or in preparation for a review, of your operation by any federal, state, or other similarly situated entity during the last five years.

RESPONSE:

105.    Produce all inquiries and responses to state driving agencies and prior employers of your driver made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.23.

RESPONSE:

106.    Produce all inquiries and responses concerning annual reviews of driving records and records of violations regarding **_ROBERT FRANCIS HALVEY_**, made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.25 and 391.27.

RESPONSE:

107.    Produce a copy of any and all accident registers or master ledgers of accidents which you maintain. Plaintiffs seek all such registers for the five years immediately prior to this subject collision through and including the date of said subject collision.

RESPONSE:

108.    Produce the original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, including printout for engine computer data, Qualcom data printouts, trip recorder, trip master, or device known by any other name which records information concerning the operation of the truck for the period commencing 30 days before the subject collision through and including 10 days after the subject collision.

RESPONSE:

109.    Produce all policies and procedures for testing your drivers for drug and/or alcohol use.

RESPONSE:

110.    Produce all records, logs, ledgers, documents, and/or other materials regarding, pertaining to, or mentioning *ROBERT FRANCIS HALVEY* or Plaintiffs.

RESPONSE:

111.    Produce the results of any drug test performed on *ROBERT FRANCIS HALVEY* within the 32 hours immediately following the incident made the basis of this lawsuit.

RESPONSE:

112.    Produce the results of any alcohol test performed on *ROBERT FRANCIS HALVEY* within the eight hours immediately following the incident made the basis of this lawsuit.

RESPONSE:

113.    Produce a copy of Defendant's drug/alcohol policy and any other policy, however named, regulating the use of drugs (prescription and non-prescription), alcohol and/or other controlled substance that could impair driving ability.

RESPONSE:

114.    Produce copies of any and all accident or incident files and records in Defendant's possession concerning any and all other vehicular accidents in which Defendant(s), its agents, employees, contractors or subcontractors have been involved and in which it was alleged that personal injury and/or death resulted.  This request is limited to accidents

which occurred during the course and scope of employment with Defendant(s) or in furtherance of Defendant's interests.

RESPONSE:

115.   Produce any and all on-board and remote recording devices that are meant to track any data, movement, or other similarly identified information generated by the truck involved in the underlying accident.   This request includes, but is not limited to, hubometer, tripmaster, Cadec, Qualcom, engine computer trip/data reports or similar device.

RESPONSE:

116.   Produce all incident/investigation reports created by Defendant(s) or a third party working for Defendant(s) relating to this incident.

RESPONSE:

117.   Produce all repair/maintenance records for the subject vehicle for the previous five (5) years.

RESPONSE:

118.   Produce all policies and procedures in place for investigations of accidents involving your vehicles.

RESPONSE:

119.   Produce all documents in your possession regarding any wireless satellite-based mobile communications systems present in the tractor or trailer involved in the incident underlying this lawsuit, especially documents reflecting any and all data transmissions (and the content thereof) made or received and occurring within a period of six hours before and after the incident in question.

RESPONSE:

120.   For the period of one week before and after the incident made the basis of this lawsuit, produce all documents reflecting any and all data transmissions and / or telephone calls from any wireless cellular ("cell") telephones present in the tractor or trailers involved in the incident made the basis of this lawsuit. In the alternative, provide sufficient information for Plaintiffs to subpoena this information from the relevant cellular wireless service provider.

RESPONSE:

## V.
## REQUESTS FOR ADMISSIONS

1.    Admit that Defendant Company has been properly named in Plaintiffs' most recently filed Petition.

      RESPONSE:

2.    Admit that Defendant Driver has been properly named in Plaintiffs' most recently filed Petition.

      RESPONSE:

3.    Admit Defendant Driver received a citation resulting from the incident in question.

      RESPONSE:

4.    Admit Defendant Driver paid for the citation he received as a result of the incident in question.

      RESPONSE:

5.    Admit Defendant Company paid for the citation Defendant Driver received as a result of the incident in question.

      RESPONSE:

6.    Admit that venue is proper.

      RESPONSE:

7.    Admit that personal jurisdiction exists over Defendant Driver.

      RESPONSE:

8.    Admit that personal jurisdiction exists over Defendant Company.

      RESPONSE:

9.    Admit that this is a convenient forum.

      RESPONSE:

10.   Admit Defendant Company trains drivers to handle distractions while operating company vehicles.

28

RESPONSE:

11.   Admit Defendant Company does not train drivers to handle distractions while operating company vehicles.

RESPONSE:

12.   Admit Defendant Driver failed to control his speed immediately prior to the incident in question.

RESPONSE:

13.   Admit the investigating officer conducted an adequate investigation of the incident in question.

RESPONSE:

14.   Admit the investigating officer did not conduct an adequate investigation of the incident in question.

RESPONSE:

15.   Admit you did not challenge the citation issued to Defendant Driver by the investigating officer.

RESPONSE:

16.   Admit Defendant Driver was in the course and scope of his employment with Defendant Company during the incident in question.

RESPONSE:

17.   Admit Defendant Driver was negligent in failing to control his speed prior to the incident in question.

RESPONSE:

18.   Admit the brakes on Defendant Driver's vehicle were faulty on the date in question.

RESPONSE:

19.   Admit the brakes on Defendant Driver's vehicle were not faulty on the date in question.

RESPONSE:

20.    Admit Defendant Driver was negligent in causing the collision with Plaintiffs.

RESPONSE:

# VI.
## REQUESTS FOR DISCLOSURE

Plaintiffs in the above-styled and numbered cause and, pursuant to Rule 194 of the Texas Rules of Civil Procedure, request that Defendants answer the following requests for disclosure separately and fully in writing. The answers to the requests shall be preceded by the request to which the answer pertains. The answers shall be returned to Plaintiffs' attorneys Pavel "Paul" Savinov and Sarah Y-Nhi Huynh, 10333 Harwin Drive, Suite 600, Houston, Texas 77036. Pursuant to Rule 194, you are requests to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2. With your response, please serve copies of all relevant documents and other tangible items. Specifically, please disclose the following:

(a)  The correct names of the parties to the lawsuit;

(b)  The name, address, and telephone number of any potential parties;

(c)  The legal theories and, in general, the factual basis of your claims or defenses;

(d)  The amount and any method of calculating economic damages;

(e)  The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)  For any testifying expert

    (1)  The expert's name, address, and telephone number;

    (2)  The subject matter on which the expert will testify;

    (3)  The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by you, employed by you, or otherwise subject to your control, documents reflecting such information;

    (4)  If the expert is retained by you, employed by you, or otherwise subject to your control:

31

       (A)     All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

       (B)     The expert's current resume and bibliography;

(g)     Any discoverable indemnity and insuring agreements described in Rule 192.3(f);

(h)     Any discoverable settlement agreements described in Rule 192.3(g);

(i)     Any witness statements described in Rule 192.3(h);

(j)     All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)     All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party; and

(l)     The name, address, and telephone number of any person who may be designated as a responsible third party.

Respectfully submitted,

**THE HUYNH LAW FIRM, PLLC**

***/s/ Sarah Y-Nhi Huynh***
SARAH Y-NHI HUYNH
State Bar No. 24092558
PAVEL "PAUL" SAVINOV
State Bar No. 24086698
NANCY TA
State Bar No. 24099985
10333 Harwin Dr., Ste. 600
Houston, Texas 77036
Telephone: (281) 702-8128
Facsimile: (832) 365-6087
E-mail: psavinov@thehuynhlawfirm.com
       shuynh@thehuynhlawfirm.com
       nta@thehuynhlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the above and foregoing instrument have been served on Defendants along with Plaintiffs' Original Petition.

_/s/ Sarah Y-Nhi Huynh_
Sarah Y-Nhi Huynh

1/24/2018 11:32 AM
Chris Daniel - District Clerk Harris County
Envelope No. 22027799
By: Tiffany Jefferson
Filed: 1/24/2018 11:32 AM

CAUSE NO.  201778530

RECEIPT NO.                              0.00      MTA
                   **********            TR # 73438565

PLAINTIFF: FABACHER, MICHAEL                    In The    152nd
     vs.                                        Judicial District Court
DEFENDANT: HALVEY, ROBERT FRANCIS               of Harris County, Texas
                                                152ND DISTRICT COURT
                                                Houston, TX

CITATION  (NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

TO: HALVEY, ROBERT FRANCIS
    OR WHEREVER HE MAY BE FOUND

   340  WOOD CHUCK AVENUE   TARPON SPRINGS  FL  34689

   Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND</u>

This instrument was filed on the <u>21st day of November, 2017,</u> in the above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

   This citation was issued on 22nd day of November, 2017, under my hand and seal of said Court.

<u>Issued at request of</u>:                      CHRIS DANIEL, District Clerk
HUYNH, YNHI THI                                 Harris County, Texas
10333  HARWIN DRIVE, SUITE 600                  201 Caroline, Houston, Texas 77002
HOUSTON, TX  77036                              (P.O. Box 4651, Houston, Texas 77210)
Tel: (281) 702-8128
<u>Bar No.</u>: 24092558                          Generated By: ELDRIDGE, WALTER F  J8P//10828675

STATE OF _____
                                     OFFICER/AUTHORIZED PERSON RETURN
County of _____

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of _____
State of _____ he delivered to the within named defendants in person at the
following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
| | MONTH | DAY | YEAR | HOUR | MIN | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

a true copy of this notice, with a copy of:

accompanying same; and further, that he is an adult and is in no manner interested in this suit and is the person competent to make oath of the fact.

                                        _____
                                           Affiant/Deputy
On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                        _____
                                           Notary Public

N.INT.CITN.P                    *73438565*

### RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Texas** | **County of HARRIS** | **District Court** |

Case Number: 201778530

Plaintiff:
**MICHAEL FABACHER AND CHRISTIAN TEAGUE**

vs.

Defendant:
**ROBERT FRANCIS HALVEY P&amp;G GROUP, INC.**

AXA0000070440

For:
Huynh, Sarah

Received by Jenna Hughes on the 11th day of January, 2018 at 2:27 pm to be served on **Robert Francis Halvey, 340 Wood Chuck Avenue, TARPON SPRINGS, FL 34689**.

I, Jenna Hughes, do hereby affirm that on the **20th day of January, 2018** at **1:03 pm**, I:

**SUBSTITUTE** served by delivering a true copy of the **CITATION; PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND; FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, REQUESTS FOR ADMISSIONS, AND REQUEST FOR DISCLOSURES** with the date and hour of service endorsed thereon by me, to: **Joseph Halvey** as Brother at the address of: **340 Wood Chuck Avenue, TARPON SPRINGS, FL 34689**, the within named person's usual place of **Abode**, who resides therein, who is fifteen (15) years of age or older and informed said person of the contents therein, in compliance with F.S. 48.031.

**Additional Information pertaining to this Service:**
1/20/2018 1:03 pm Brother is saying this is probably for the dad but due to the fact that the son and dad have the same name and paper doesn't specify so server left it with brother.

**Description** of Person Served: Age: 30, Sex: M, Race/Skin Color: White, Height: 6'4", Weight: 180, Hair: Dark Brown, Glasses: Y

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. The service, date, time, my initials and/or name, and identification number, if required by state statute, were listed on the documents served.

F.S. 92.525, UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THE FACTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE.

DATE: 1/23/18

**Jenna Hughes**
APS 59364

**Professional Civil Process of Texas, Inc.**
**103 Vista View Trail**
**Spicewood, TX 78669**
**(800) 950-7493**

Our Job Serial Number: AXA-0000070440
Ref: A18102558 (2018003297)

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2n



1/22/2018 10:38 AM
Chris Daniel - District Clerk Harris County
Envelope No. 21959533
By: Tiffany Jefferson
Filed: 1/22/2018 10:38 AM

CAUSE NO.   201778530

RECEIPT NO.                                0.00      MTA
              **********              TR # 73438570

PLAINTIFF: FABACHER, MICHAEL                In The   152nd
          vs.                               Judicial District Court
DEFENDANT: HALVEY, ROBERT FRANCIS           of Harris County, Texas
                                            152ND DISTRICT COURT
                                            Houston, TX

CITATION (NON-RESIDENT CORPORATE)

THE STATE OF TEXAS
County of Harris

TO: P & G GROUP INC (INDIANAPOLIS CORPORATION) MAY BE SERVED THROUGH ITS
    REGISTERED AGENT JASDEEP S PAWRA

    3519  S HARDING ST   INDIANAPOLIS   IN  46217

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

This instrument was filed on the 21st day of November, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 22nd day of November, 2017, under my hand and
seal of said Court.

Issued at request of:                       CHRIS DANIEL, District Clerk
HUYNH, YNHI THI                             Harris County, Texas
10333  HARWIN DRIVE, SUITE 600              201 Caroline, Houston, Texas 77002
HOUSTON, TX  77036                          (P.O. Box 4651, Houston, Texas 77210)
Tel: (281) 702-8128
Bar No.: 24092558                           Generated By: ELDRIDGE, WALTER F  J8P//10828675

OFFICER/AUTHORIZED PERSON RETURN

        Received on the _____ day of _____, _____, at _____ o'clock ____ .M., and

executed the same in _____ County, Texas, on the ____ day of _____, _____, at

_____ o'clock ____.M., by summoning the _____,

                    by delivering to _____, in person _____

a corporation <

            by leaving in the principal office during office hours

_____ of the said _____

a true copy of this notice, together with accompanying copy of

Serving _____ copy _____ $ _____

_____        By _____
            Affiant                                          Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.



Unofficial Copy Office of Chris Daniel District Clerk

CAUSE NO.  201778530

RECEIPT NO.                                    0.00      MTA
          **********                      TR # 73438570

PLAINTIFF: FABACHER, MICHAEL                 In The  152nd
             vs.                             Judicial District Court
DEFENDANT: HALVEY, ROBERT FRANCIS            of Harris County, Texas
                                             152ND DISTRICT COURT
                                             Houston, TX

CITATION (NON-RESIDENT CORPORATE)

THE STATE OF TEXAS
County of Harris

TO: P & G GROUP INC (INDIANAPOLIS CORPORATION) MAY BE SERVED THROUGH ITS
    REGISTERED AGENT JASDEEP S PAWRA
    3519 S HARDING ST   INDIANAPOLIS  IN  46217

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

This instrument was filed on the 21st day of November, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 22nd day of November, 2017, under my hand and
seal of said Court.

Issued at request of:                        CHRIS DANIEL, District Clerk
HUYNH, YNHI THI                              Harris County, Texas
10333 HARWIN DRIVE, SUITE 600                201 Caroline, Houston, Texas 77002
HOUSTON, TX  77036                           (P.O. Box 4651, Houston, Texas 77210)
Tel: (281) 702-8128
Bar No.: 24092558                            Generated By: ELDRIDGE, WALTER F  J8P//10828675

OFFICER/AUTHORIZED PERSON RETURN

    Received on the 1st day of Jan, 2018 at 11:00 o'clock A .M., and
executed the same in MARION County, INDIANA, on the 16th day of JAN, 2018, at
4:50 o'clock P .M., by summoning the P & G GROUP, INC.,
by delivering to JASDEEP S. PAWRA, in person
a corporation <
    by leaving in the principal office during office hours

_____ of the said
a true copy of this notice, together with accompanying copy of

Serving _____ copy _____ $ _____

Affiant BETTY J. BEACH          By _____
                                   Deputy

SHELLY BEACH
Notary Public, State of Indiana
Wayne County
Commission # 646544
My Commission Expires
August 11, 2021

On this day, Betty J. Beach, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 16th day of Jan, 2018.

Shelly Beach